FILED
IN CLERKS OFFICE
2026 NOV -6 P 2:42
U.S. DISTRICT COURT
DISTRICT OF MASS.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

**HANNAH SCOTT,**
Plaintiff,

v.

**BOSTON PUBLIC SCHOOLS,**
Defendant.

Civil Action No.:

**COMPLAINT FOR JUDICIAL REVIEW OF BSEA DECISION**

**20 U.S.C. § 1415(i)(2)**

**I. Nature of the Action**

1. Plaintiff Hannah Scott brings this civil action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2), seeking judicial review of the August 12, 2026 ruling of the Massachusetts Bureau of Special Education Appeals ("BSEA") in *Hannah S. v. Boston Public Schools*, BSEA No. 2610482.

2. Plaintiff challenges the portion of the ruling that dismissed with prejudice all claims arising before March 18, 2024, based on the IDEA statute of limitations.

3. Plaintiff contends that the ruling may have incorrectly determined when particular claims accrued, improperly rejected statutory exceptions involving withheld information and specific misrepresentations, and prematurely resolved disputed factual issues concerning limitations.

4. Plaintiff does not seek to overturn the portion of the ruling denying Boston Public Schools' motion for summary judgment on the claims arising between March 18 and June 2024.

5. Plaintiff requests that the Court vacate or reverse the challenged dismissal and remand the affected claims for further administrative proceedings, or grant such other appropriate relief as IDEA permits.

**II. Jurisdiction and Venue**

6. This Court has subject-matter jurisdiction under 20 U.S.C. § 1415(i)(2)(A), which authorizes an aggrieved party to bring a civil action in a United States district court.
7. Federal-question jurisdiction also exists under 28 U.S.C. § 1331.
8. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b), because the Defendant operates within this District and the events underlying the administrative proceeding occurred in Massachusetts.
9. The August 12, 2026 ruling dismissed a portion of Plaintiff's claims with prejudice. The BSEA's accompanying notice identifies such partial dismissals as final agency actions with respect to the dismissed claims.
10. Plaintiff seeks judicial review of that final dismissal. To the extent Defendant disputes immediate judicial review while other administrative claims remain pending, Plaintiff requests a determination of finality and reviewability before dismissal on procedural grounds.
11. This action is intended to be filed within the applicable period under 20 U.S.C. § 1415(i)(2)(B), subject to confirmation of the governing deadline and any applicable jurisdictional requirements.

**III. Parties**

12. Plaintiff Hannah Scott is an adult former student of Boston Public Schools who received special education services and accommodations pursuant to the IDEA.
13. Defendant Boston Public Schools is a Massachusetts public school district responsible for providing eligible students with a free appropriate public education ("FAPE") and implementing applicable IDEA procedural safeguards.

**IV. Administrative Background**

14. Hannah attended Another Course to College, a Boston Public Schools educational program, during the 2020–2022 period.
15. Hannah's educational records identified disabilities and educational needs affecting reading, written expression, processing, and access to instructional materials.
16. Her IEPs included accommodations and services intended to address her educational needs. The precise provisions and effective dates will be established by the administrative record.

17. Hannah and her family raised concerns regarding the implementation of accommodations, including assistive technology, accessible reading materials, reading support, and alternative methods of completing written assignments.

18. In September 2021, the family communicated with Boston Public Schools personnel regarding restrictions on Hannah's use of an iPad, paper-based assignments, and the interpretation and implementation of reading accommodations.

19. Hannah's family also raised concerns regarding the timing and availability of evaluations and information necessary to understand her educational needs and the adequacy of the proposed educational program.

20. On or about July 20, 2022, Boston Public Schools transmitted evaluation reports and a proposed IEP. Correspondence accompanying those materials acknowledged that the documents had not been provided earlier.

21. The family subsequently placed Hannah at Windham Woods School and sought reimbursement and other relief based on alleged failures to provide an appropriate education.

22. On March 18, 2026, Hannah filed a hearing request with the BSEA. She subsequently filed an amended hearing request. The dates and precise allegations of each filing are incorporated by reference to the administrative record.

23. Boston Public Schools moved to dismiss claims based on the IDEA statute of limitations and sought summary judgment concerning the remaining claims.

24. On August 12, 2026, Hearing Officer Catherine Putney-Yaceshyn allowed the District's motion to dismiss claims before March 18, 2024, with prejudice.

25. The Hearing Officer concluded that Hannah and/or her parents knew or should have known of the alleged actions more than two years before the hearing request and that the statutory exceptions had not been adequately established.

26. The Hearing Officer denied summary judgment concerning claims arising from March 18 through June 2024, finding that the District had not demonstrated the absence of genuine factual disputes regarding its provision of FAPE.

27. Those surviving claims remain pending before the BSEA and are scheduled for hearing on December 16, 2026, unless subsequently modified by order.

**V. Governing Law**

28. Under 20 U.S.C. § 1415(f)(3)(C), an IDEA due-process complaint generally must be requested within two years of the date the parent or agency knew or should have known about the alleged action forming the basis of the complaint.

29. Under 20 U.S.C. § 1415(f)(3)(D), that limitations period does not apply to a parent prevented from requesting a hearing because of:

a. Specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or

b. The local educational agency's withholding of information from the parent that IDEA required it to provide.

30. Federal regulations implementing those provisions include 34 C.F.R. § 300.511(e)–(f).

31. Under 20 U.S.C. § 1415(i)(2)(C), a reviewing court receives the administrative record, hears additional evidence at a party's request, and grants appropriate relief based on the preponderance of the evidence, subject to applicable judicial-review principles.

**VI. Grounds for Judicial Review**

**Count I — Erroneous Determination of Claim Accrual**

32. Plaintiff incorporates the preceding paragraphs.

33. The August 12 ruling concluded that Plaintiff and/or her parents knew or should have known of the actions forming the basis of the historical claims before the relevant limitations cutoff.

34. Plaintiff contends that the proper analysis must identify the alleged action underlying each disputed claim and determine when Plaintiff or her parents knew or reasonably should have known of that action.

35. Plaintiff alleges that awareness of academic difficulties or isolated accommodation disputes did not necessarily establish knowledge of every distinct alleged violation, including any violations dependent upon evaluation information or other material not yet provided.

36. Plaintiff requests judicial review of whether the Hearing Officer conducted the required claim-specific accrual analysis and whether the administrative record supports dismissal of every pre-March 18, 2024 claim.

**Count II — Incorrect Application of the Withheld-Information Exception**

37. Plaintiff incorporates the preceding paragraphs.

38. Plaintiff alleged delays in the provision of evaluations and educational information, including reports transmitted on or about July 20, 2022.

39. Massachusetts special education regulations applicable to the relevant events, together with federal IDEA procedural safeguards, impose requirements concerning evaluation reports, notices, and access to certain educational information.

40. Plaintiff contends that the Hearing Officer should have determined which information the District was legally required to provide, when it was required, whether it was withheld, and whether that withholding prevented the timely filing of particular claims.

41. Plaintiff does not contend that late delivery alone conclusively establishes the exception. Rather, Plaintiff seeks review of whether the administrative pleadings and record presented a sufficiently supported withholding-and-prevention issue to preclude dismissal with prejudice.

42. Plaintiff requests relief under 20 U.S.C. § 1415(f)(3)(D)(ii), to the extent the administrative record and any properly admitted additional evidence establish its requirements.

**Count III — Incorrect Application of the Specific-Misrepresentation Exception (Alternative Ground)**

43. Plaintiff incorporates the preceding paragraphs.

44. Plaintiff seeks review of whether communications from District personnel concerning correction or implementation of accommodations included specific representations that the underlying problems had been resolved.

45. This ground is asserted only to the extent that the administrative record contains qualifying representations and evidence that those representations prevented an earlier hearing request.

46. Plaintiff acknowledges that general assurances, disputed educational judgments, and unfulfilled promises do not automatically satisfy 20 U.S.C. § 1415(f)(3)(D)(i).

47. Plaintiff requests review of the Hearing Officer's rejection of this exception to the extent supported by the administrative record.

**Count IV — Premature Dismissal With Prejudice**

48. Plaintiff incorporates the preceding paragraphs.

49. The Hearing Officer identified the applicable motion-to-dismiss standard, including acceptance of well-pleaded factual allegations and reasonable inferences favorable to the nonmoving party.

50. The ruling also recognized Plaintiff's pro se status and the requirement to construe pro se submissions liberally.

51. Plaintiff contends that dismissal with prejudice may have been premature insofar as it required resolving disputed questions concerning knowledge, disclosure, required information, representations, and causation against Plaintiff without adequate factual development.

52. Plaintiff requests judicial review of whether the limitations defenses were conclusively established at the pleading stage and whether dismissal with prejudice, rather than further proceedings, was legally appropriate.

**VII. Requested Relief**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Accept jurisdiction over the challenged final portion of the August 12, 2026 BSEA ruling;

B. Receive and review the certified administrative record;

C. Declare that the Hearing Officer erred in applying the limitations rule or statutory exceptions to any claims for which the record establishes reversible error;

D. Vacate or reverse the dismissal with prejudice of such claims;

E. Remand the affected claims to the BSEA for further proceedings consistent with the Court's ruling;

F. Alternatively, remand for additional findings concerning claim accrual, legally required information, withholding, prevention of filing, and any qualifying specific misrepresentations;

G. Permit additional evidence where authorized under 20 U.S.C. § 1415(i)(2)(C)(ii), upon an appropriate showing and request;

H. Preserve the existing BSEA proceedings on the surviving March 18–June 2024 claims, subject to any further lawful orders;

I. Award allowable costs and any other relief authorized by law; and

J. Grant such further relief as the Court finds appropriate.

Respectfully submitted,

**/s/Hannah Scott**
Plaintiff, Pro Se

25 Lyndhurst Street Boston, MA 02124
857-302-8910
Hannahesmee0@gmail.com

**Attachments:**
Exhibit A — August 12, 2026 BSEA Ruling
Exhibit B — BSEA Notice of Finality and Rights of Appeal